# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6195 | **DATE** | 1/5/2011 |
| **CASE TITLE** | United States of America vs. Myron Robinson | | |

**DOCKET ENTRY TEXT**

Petitioner's motion to vacate, set aside, or correct his sentence [1] is denied. I decline to issue a certificate of appealability. Petitioner's motion requesting status update [5] is denied as moot.

■ [ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

    In January 2008, Myron Robinson ("Robinson") was indicted for his participation in a scheme to illegally purchase guns in Louisiana and Mississippi and to transport them to Illinois where they were to be re-sold at a profit. Robinson was charged with violating: (1) 18 U.S.C. §§ 371, 372 for conspiring to commit a federal firearms offense; and (2) 18 U.S.C. § 922(a)(3), which prohibits anyone from transporting into or receiving in the State where he resides . . . any firearm purchased or otherwise obtained by such person outside that State." Robinson was convicted on both counts and sentenced to two consecutive five-year prison sentences. Presently before me is his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

    Robinson advances two bases for his petition: (1) ineffective assistance of counsel; and (2) prosecutorial misconduct. However, both bases are premised on the claim that his indictment was multiplicitous. "A claim of multiplicity alleges that separate counts of an indictment charge a single offense." *United States v. Song*, 934 F.2d 105, 108 (7th Cir. 1991). "As such, the indictment exposes a defendant to the threat of receiving multiple punishment for the same offense." *Id.* (quotation marks omitted). Robinson claims that both counts of his indictment asserted the same offense, and he argues that his counsel and the prosecutor were remiss in failing to recognize this.

    Robinson's indictment was not multiplicitous. The test for determining whether an indictment is multiplicitous is the same as the one announced in *Blockburger v. United States*, 284 U.S. 299 (1932), for determining whether the Fifth Amendment's Double Jeopardy Clause has been violated. *See, e.g.,*

*United States v. Abu-Shawish*, 175 Fed. App'x. 41, 43 (7th Cir. 2006). Under *Blockburger*, two offenses do not violate the prohibition on double jeopardy so long as each offense requires proof of an element that the other does not. *See, e.g.*, *Lechner v. Frank*, 341 F.3d 635, 641 (7th Cir. 2003). The offense of conspiracy under § 371 embodies elements that § 922 does not. In particular, § 371 requires the government to prove "(1) an agreement to commit an offense against the United States; (2) an overt act in furtherance of the conspiracy; and (3) knowledge of the conspiratorial purposes offense against the United States." *United States v. Wantuch*, 525 F.3d 505, 519 (7th Cir. 2008). Section 922(a)(3), by contrast, requires the government to prove that the defendant was not licensed as a dealer (or importer) of firearms; that the defendant willfully transported (or received) a gun in the state in which the defendant resided; and that the defendant purchased or otherwise obtained the gun outside of that state. *Cf.* Model Crim. Jury Instr. 9th Cir. 8.55 (2010); *United States v. Tedder*, 403 F.3d 836, 840 (7th Cir. 2005) ("Conspiracy and the completed offense are separate crimes.").

Robinson makes much of the fact that the same conduct used to prove the conspiracy is also central to the § 922 charge. *See* Pet. at 16 ("The offense charged against petitioner, surrounding the alleged overt act, which is allegedly to be in furtherance of the objectives of the conspiracy, is the receipt of a firearm on April 4, 2003, that was shipped . . . from Louisiana to petitioner on April 3, 2003, by FedEx Express . . . in violation of 18 U.S.C. § 922(A)(3)."). As the Seventh Circuit recently explained, however, "[i]n multiplicity challenges the *elements* of each offense -- not the specific offense conduct -- determine whether two offenses are the same for purposes of double jeopardy." *United States v. Larsen*, 615 F.3d 780, 788 (2010). Since each offense in Robinson's indictment requires proof of an element not required by the other, it matters little that the same conduct may be relevant to both offenses.

Because Robinson's indictment was not multiplicitous, his ineffective-assistance and prosecutorial misconduct claims fail, and his petition is denied. Under Rule 11 of the Rules Governing Section 2255 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *United States v. Valadez,*, No. 08 C 3178, 2010 WL 3306937, at *8 (N.D. Ill. Aug. 17, 2010) (quoting 28 U.S.C. § 2253(c)(2)). "To make a substantial showing the petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Span v. United States*, No. 07 C 2543, 2010 WL 3034240, at *18 (N.D. Ill. Aug. 3, 2010) (quotation marks omitted). I find no basis on which reasonable jurists might disagree with the foregoing ruling. Accordingly, I deny Robinson a certificate of appealability.